UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID TROUPE,<br><br>                    Plaintiff,<br><br>         v.<br><br>KATRINA SUCKOW, ET AL.,<br><br>                    Defendants. | No.  13-CV-5038-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CLARIFY, MOTION TO APPOINT COUNSEL, MOTION FOR TRO EMERGENCY, MOTION TO COMPEL WSP AGAIN** |

     Before the Court are Plaintiff David Troupe's Motion to Clarify, ECF No. 155, Motion to Appoint Counsel, ECF No. 156, Motion for TRO Emergency, ECF No. 157, and Motion to Compel WSP Again, ECF No. 161.

**I.   Motion to Clarify, ECF No. 155**

     Plaintiff asks the Court to clarify the rules of discovery. In particular, Plaintiff asks the Court how many interrogatories he is allowed to serve on the Defendants. The Court has already explained the rules regarding interrogatories to the Plaintiff in a prior order. *See* ECF No. 100 at 2. The Court will not go through all of the rules again. It is sufficient to point out that the Court's scheduling order set an April 17, 2015 discovery deadline. ECF No. 63. Discovery was completed in this case months ago. As such, the Court denies

ORDER - 1

Plaintiff's Motion to Clarify as moot. Plaintiff is not entitled to any more interrogatories in this case.

**II.  Motion to Appoint Counsel, ECF No. 156**

Plaintiff asks the Court to appoint counsel for him now that his claim has survived summary judgment. ECF No. 156. Pursuant to 28 U.S.C. 1915(e)(1), a court may appoint counsel for a litigant in a civil case. However, a court may only do so under "exceptional circumstances." *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether exceptional circumstances exist, a court evaluates "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* Here, the Court finds that no "exceptional circumstances" exist which would warrant the appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel is denied.

**III. Motion for TRO Emergency, ECF No. 157**

Plaintiff claims that after the Court denied in part Defendants' Motion for Summary Judgment, a number of corrections officers at the Washington State Penitentiary have threatened to kill him, provided him with sharp weapons, removed his legal materials from his cell, and have not properly handled his electronic case filings. ECF No. 157. He requests that the Court order various individuals at the penitentiary to stop engaging in this sort of activity. In particular, Plaintiff asks the Court to order the Department of Corrections to "find another facility to house Troupe with his property within seven days." *Id.*

On October 23, 2015, the Court received a notice from Mr. Troupe indicating that he was scheduled to be moved to a different facility. ECF No. 165. He is to be moved to a facility in Shelton, Washington. *Id.* As a result, he will no longer be in contact with any of the officers. Therefore, Plaintiff's Motion for TRO Emergency is denied as moot. However, The Court has previously indicated that it would not let a transfer to a different facility interfere with Plaintiff's ability to prosecute this matter. The Court will monitor the transfer and make sure that Plaintiff is not prejudiced as a result.

**IV.  Motion to Compel WSP Again, ECF No. 161**

Finally, Plaintiff again asks the Court to compel the Washington State Penitentiary to fix its legal phones. ECF No. 161. This is the same motion that Plaintiff filed in another case. *See Troupe v. Brodhead,* 13-CV-5028-EFS. As stated in that case, the Court will not hear motions that do not pertain to the issues of the case. *See Troupe v. Brodhead,* 13-CV-5028-EFS, ECF No. 248. This case is not about the phones at the penitentiary. The Court will only intervene if the phones interfere with Plaintiff's ability to litigate *this case*. Therefore, the Court denies Plaintiff's Motion to Compel WSP Again, as irrelevant.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Clarify**, ECF No. 155,** is **DENIED** as moot.
2. Plaintiff's Motion to Appoint Counsel, **ECF No. 156**, is **DENIED.**
3. Plaintiff's Motion for TRO Emergency, **ECF No. 157,** is **DENIED** as moot.

*//*

ORDER - 3

1    **4.** Plaintiff's Motion to Compel WSP Again, **ECF No. 161**, is **DENIED**.

2        **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this
3    Order and provide copies to counsel and Mr. Troupe.

4        **DATED** this   2nd   day of November 2015.

                        s/Edward F. Shea
6                        EDWARD F. SHEA
                Senior United States District Judge

Q:\EFS\Civil\2013\5038.TROUPE.ord.mots.lc2.docx

ORDER - 4