UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID TROUPE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KATRINA SUCKOW; BONNIE KLAHN; THOMAS ROE; and KEITH BRODHEAD,<br><br>　　　　　　　Defendants. | No.  2:13-CV-05038-EFS<br><br>**ORDER GRANTING DISMISSAL WITH PREJUDICE** |

　　　On December 22, 2016, the Court held a telephonic hearing regarding Plaintiff David Troupe's Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2), ECF No. 318.[1] Plaintiff appeared pro se and Daniel Judge appeared on behalf of Defendants. *See* ECF No. 329.  During the hearing, Plaintiff stated he would like to withdraw his suit so that his upcoming court dates in this matter no longer give the Department of Corrections (DOC) a reason to house him at Washington State Penitentiary (WSP). Plaintiff claimed that DOC's decision to house him at WSP has interfered with his treatment options, that staff at WSP are retaliating against him, and that he would prefer to be housed at Stafford Creek Corrections Center.

---

[1] In ECF No. 323, the Court construed Plaintiff's filing, ECF No. 318, (entitled "Withdraw of Civil Suit #C13-5038-EFS) as a motion for voluntary dismissal under Rule 41(a)(2).  Neither party objected to the reclassification.

ORDER DISMISSING CASE - 1

1    The Court finds Plaintiff has made a voluntary, analytical, and
2 strategic choice in requesting dismissal of this case. Defendants
3 had no objection to granting dismissal, but asked that it be with
4 prejudice. Therefore, the Court finds good cause to grant
5 Plaintiff's motion.[2]

6    When granting a motion for voluntary dismissal, a district court
7 may require that the dismissal be with prejudice. *See Burnette v.*
8 *Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995). This
9 case has been active for years and involved hundreds of filings with
10 thousands of documents. A great amount of resources have been spent
11 to bring the case this far, especially by Defendants. Allowing
12 Plaintiff to refile the same claims would unfairly deprive Defendants
13 of the resolution of legal matters that Plaintiff has had ample
14 opportunity to pursue. During the telephonic hearing, Plaintiff
15 stated he wished to proceed even after the Court explained that
16 dismissal would be with prejudice. Therefore, the Court imposes the
17 term that dismissal is with prejudice.

18    The Court also notes that Plaintiff's most recent filings, a
19 Motion for Transfer, ECF No. 324, and related Motion to Expedite, ECF
20 No. 325, were filed after his Motion for Voluntary Dismissal. As
21 such, those motions are denied as moot.

22 ///
23 //
24 /

---

[2] Plaintiff originally filed suit in case number 2:13-CV-05028-EFS, which was consolidated with this case (2:13-CV-05038-EFS) on April 18, 2016. ECF No. 190. Therefore, this dismissal applies to both case numbers.

ORDER DISMISSING CASE - 2

**IT IS HEREBY ORDERED:**

1. Plaintiff's construed Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2), **ECF No. 318**, is **GRANTED.**

2. This case is **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs and attorney fees.

3. All pending motions, including **ECF Nos. 324 & 325**, are **DENIED AS MOOT.**

4. All hearings and other deadlines are **STRICKEN.** The Court notes that is no longer any necessity for Plaintiff's presence in the Eastern District of Washington with regard to this case.

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment accordingly, and provide copies to Plaintiff, all counsel, the U.S. Marshals Service, and the DOC.

**DATED** this   23rd   day of December 2016.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge
